Ulysses Murphy, Plaintiff-Appellant, v. Police Board of the City of Chicago, and O. W. Wilson, Superintendent of Police of the City of Chicago, Defendants-Appellees.

Gen. No. 50,457.

First District, Fourth Division.

April 10, 1968.

Michael F. Ryan and Richard F. McPartlin, of Chicago, for appellant.

Raymond F. Simon, Corporation Counsel, of Chicago (Harry H. Pollack, Special Assistant Corporation Counsel, and Sydney R. Drebin and Irwin Cohen, Assistant Corporation Counsel, of counsel), for appellees.

MR. JUSTICE ENGLISH delivered the opinion of the court.

This appeal is from a judgment of the Circuit Court under the Administrative Review Act, upholding the action of the Police Board of the City of Chicago in ordering the discharge of plaintiff from his position as a patrolman in the Police Department. Plaintiff raises the sole contention that the hearing which led to the Board's discharge order was void for want of jurisdiction.

On June 6, 1963, the Superintendent of Police filed with the Police Board certain charges against plaintiff alleging violations of the Rules and Regulations of the Chicago Police Department. Plaintiff was notified that a hearing on the charges would be held July 11, 1963. On that date a hearing was convened and, after the prosecution had presented all its witnesses, the matter was continued to September 12, 1963. On September 12, the defense witnesses were heard, and at the conclusion of that hearing the matter was taken under advisement until November 7, 1963, when a "Finding and Decision" was issued, reading in pertinent part:

"The Police Board of the City of Chicago, as a result of its investigation of the charges, finds and determines that:

. . . . . .

"2. The charges were filed in writing, and a notice, stating the time and date when and the place where a hearing of the charges was to be held, together with a copy of the charges, was served upon the respondent more than five (5) days prior to the hearing on the charges.

"3. The hearing on the charges was completed before Theophilus M. Mann, a Member of the Police Board, on September 12, 1963.

"4. Throughout the hearing the Respondent did appear in person and was represented by legal counsel of his own choosing.

. . . . . .

"By reason of the findings of fact and of guilt herein, cause exists for the discharge of the Respondent from his position as a patrolman and as a member of the Department of Police of the City of Chicago, therefore,

"It Is Hereby Ordered, that the Respondent Ulysses Murphy, be and is discharged, from his position as a patrolman in the Department of Police, and from the service of the City of Chicago,

"Dated at Chicago, County of Cook, State of Illinois, this 7th day of November, 1963.

/s/ Theophilus M. Mann
Member of Trial Board
/s/ Paul W. Goodrich
/s/ Theophilus M. Mann
/s/ F. M. Kreml

155

/s/ William L. McFetridge
/s/ Morgan F. Murphy
 Member of Police Board
/s/ R. J. Hauser
 Secretary of Police Board"

It is undisputed that on the hearing dates mentioned above, the only member of the Police Board who sat and heard the evidence was Theophilus M. Mann. Consistent with this fact, it may be noted that the "Finding and Decision" was signed by Mann as "Member of Trial Board" and also as one of the five Members of the Police Board.

 No issue was raised as to the Board's purported appointment of Mann as the "Trial Board," and if there had been any technical defect in such appointment, it would have been cured by the actions taken by the Board on November 7, 1963. People v. Powell, 127 Ill App 614. However, plaintiff does contend that the statute empowering the Board to remove or suspend a police officer require that a hearing be conducted before the entire Board.

The empowering statute as it existed at the commencement of this provided, and the current statute still provides, that the Board shall:

". . . 4. Serve as a board to hear disciplinary actions involving officers and civilian employees of the police department in the classified civil service of the city. . . ." Ill Rev Stats (1961), c 24, § 9–15.1; Ill Rev Stats (1963), c 24, § 3–7–3.1.

The procedure appropriate to this case is set out in a different statute which was enacted in 1961 and amended in 1963. The pertinent parts are as follows (italics indicating the language added by the 1963 amendments):

"Upon the filing of charges for which removal or discharge, or suspension of more than 30 days is

156

recommended a hearing before the Police Board shall be held.

"The Police Board shall establish rules of procedure not inconsistent with the provisions of this section respecting notice of charges and the conduct of the hearings before the Police Board, *or any member thereof appointed by the Police Board to hear the charges.* The Police Board, *or any member thereof,* shall not be bound by formal or technical rules of evidence, however hearsay evidence shall be inadmissible. The person against whom charges have been filed shall have the right to appear before the Police Board, *any member thereof, as the case may be,* with counsel of his own choice and defend himself; shall have the right to be confronted by his accusers; shall have the right to cross-examine any witness giving evidence against him; and shall have the right by counsel to present witnesses and evidence in his own behalf.

. . . . . .

". . . The findings and decision of the Police Board, when approved by said Board, shall be certified to the superintendent and shall forthwith be enforced by said superintendent.

"The concurrence of a majority of the members of the Police Board shall be necessary for any disciplinary recommendation or action entered." Ill Rev Stats (1963), c 24½, § 51.1.

█ █ Cartan v. Gregory, 329 Ill App 307, 68 NE2d 193, is authority for the proposition that, since there is no presumption of jurisdiction in favor of a statutory body, the record must show all the jurisdictional prerequisite facts and observance of the form of proceedings legally applicable, before a civil service commission may properly exercise its power to remove a civil service employee. The same general jurisdictional prerequisites exist with

157

respect to the Police Board's statutory power of removal. It therefore becomes necessary to decide whether or not a hearing held before a single member of the Police Board was a procedure authorized by statute, an affirmative conclusion being required if the Board's order of discharge is to be upheld.

There are numerous authorities holding that a hearing conducted before a single board member, or fewer than all of the board members, or fewer than the number required to take the action in question, does not violate due process. E. g., Des Plaines Currency Exchange, Inc. v. Knight, 29 Ill2d 244, 194 NE2d 89; Cooper v. State Board of Medical Examiners of Department of Professional and Vocational Standards of California, 35 Cal2d 242, 217 P2d 630, 632 (1950); City of Derby v. Water Resources Commission, 148 Conn 584, 172 A2d 907 (1961); Taub v. Pirnie, 3 NY2d 188, 165 NYS2d 1; 42 Am Jur 484, 485. See also Morgan v. United States, 298 US 468, which held constitutionally unobjectionable the delegation to an Assistant Secretary of Agriculture of the Secretary's authority to conduct a hearing pursuant to federal statute.

But plaintiff does not assign a constitutional infirmity to the Board's decision in the case before us. He argues simply that it was jurisdictionally void because of failure to comply with the statute, thus reducing the question to one of statutory construction.

We have not been referred to any Illinois case in point. In addition to an impressive argument based on the language of the statute itself, plaintiff relies principally upon Perkins v. School Committee of Quincy, 315 Mass 47, 51 NE2d 978 (1943); Sesnovich v. Board of Appeal of Boston, 313 Mass 393, 47 NE2d 943 (1943); Hawkins v. Common Council of City of Grand Rapids, 192 Mich 276, 158 NW 953 (1917); and McAlpine v. Garfield Water Commission, 135 NJL 497, 52 A2d 759 (1947). The persuasive weight of decisions from these courts cannot be denied, but there is a weakness implicit in any non-Illinois

opinions construing statutory provisions which are different from ours. Further, the language of McAlpine concerning "fair and impartial trial" bears so close a relationship to due process that there seems to exist at least a possibility of conflict with Morgan, supra. Thus, we are returned for resolution of the question before us to a close reading of the Illinois statute to the best of our ability.

The legislative history is informative. The section of the Civil Service Act relating to discharge of an employee, as adopted in 1895, provided for investigation of charges "by or before said civil service commission, or by or before some officer or board appointed by said commission." Ill Rev Stats (1959), c 24½, § 51. Continuing, "The finding and decision of such commission or investigating officer or board, when approved by said commission, shall be certified to the appointing officer, and shall be forthwith enforced by such officer."

This section remained intact and governed the discharge of policemen until 1961 * when there was, as it were, a "spin-off" and the Police Board was established by a new statute, the pertinent parts of which have been quoted above. As we have mentioned, this statute did not include any specific language prescribing the person or persons authorized to conduct hearings, but merely called for a hearing "before the Police Board." It did, however, go on to provide that the Board should establish its own rules of procedure for the conduct of such hearings. And at the very next session of the legislature in 1963, the section was amended to make specific reference to hearings before the Board "or any member thereof appointed by the Police Board to hear the charges." Plaintiff con-

---

\* In 1961 section 51 of the Civil Service Act (c 24½) was amended and was also substantially reenacted as section 10–1–18 of chapter 24, and both became applicable only to municipalities under 500,000. Section 51.1 was added to chapter 24½ and was amended in 1963. The substance of both sections is currently to be found in sections 10–1–18 and 10–1–18.1 of chapter 24.

cedes that the 1963 amendments were sufficient to authorize the type of "one-member" hearings conducted in the instant case, but contends that such authority did not exist without the amendment, which came too late to validate the initial hearing in this case.

■ First, it seems to us reasonable that the legislature intended that the Police Board have the authority to designate a hearing officer even without the 1963 amendments. This was the basic legislative scheme or pattern throughout the history of civil service in Illinois since 1895. There was a brief period commencing in 1961, when the Police Board was established, during which specific words to this effect were omitted from the applicable statute, but it is just as reasonable to assume that this was done through imprecise draftsmanship as it is to decide, as plaintiff urges, that this represented a radical departure from the general legislative intent. And it is much more sensible to conclude that a continuation of the pattern had been intended when we bear in mind the practical aspects of the situation. It is almost inconceivable that all members of the Police Board—leading citizens of the community, extremely busy men involved with their own and their employers' business affairs, contributing their time, experience and judgment to the Police Board as a public service without compensation— could find it possible to accomplish unanimous attendance at all of the hearings called for by the statute. It is even less reasonable to conclude that the legislature intended to authorize hearings before a single member of the Board in cities with a population under 500,000, while requiring hearings before the full Board in Chicago where the size of the police force and the crush of business are so much greater. It was never required before, and it has not been required since, as the legislature seized the first opportunity to make a more express statement of its intention through the 1963 amendments, thus eliminating, in our view, whatever ambiguity might have existed under

160

the 1961 statutory changes. We believe the 1963 amendments to have been enacted for the purpose of clarification rather than change.

That this is the proper reading of the legislative intent is bolstered, we believe, by the particular language of the statute itself to which, as quoted above, we again make reference. The 1963 insertions of words relating to one-member hearings are found only in the paragraph which deals with the Board's authority to establish its own rules of procedure. No similar amendment was made in the immediately preceding paragraph which still provides that "a hearing before the Police Board shall be held." Thus, the basic direction for the holding of a hearing remains unaffected by the amendments to the following paragraph, indicating that the authority to conduct one-member hearings (which plaintiff concedes were authorized in 1963) existed all along, but had simply not been spelled out for the short interim period during which this proceeding was commenced.

It will be noted also that the old language of the Civil Service Act provides that the "finding and decision" of the hearing officer shall be certified and enforced "when approved by said [civil service] commission." In the 1961 section relating to the Police Board, there is a similar clause to the effect that the "findings and decision" of the Police Board, "when approved by said Board," shall be certified and enforced. If a finding and decision could be made only by the full Board, then, of course, the requirement for approval by the Board prior to enforcement would be a superfluous and meaningless provision. The clause requiring approval by the Board, however, takes on the same meaning it had all through the years in regard to civil service hearings, if it is recognized that the investigatory hearings on the charges need not have been attended by all members of the Board.

Another avenue which leads to the same conclusion is through determination of whether the 1963 amendments

161

were substantive and therefore to be applied prospectively only, or procedural and, in consequence, to be given retroactive application. Full discussion of this subject is to be found in Orlicki v. McCarthy, 4 Ill2d 342, 344–354, 122 NE2d 513. A statute relating to statutory construction—the so-called "Saving Statute"—also bears on this subject, directing that no new law shall be construed to affect any right accrued under the former law save only as to matters of procedure. Ill Rev Stats (1963), c 131, § 4. This statute, however, has consistently been held to protect only "vested rights," although, as stated in the Orlicki opinion at page 347, "the concept of 'vested rights' is fraught with vagaries that defy precise definition." Continuing, the court said:

> "[The courts] have held that where the change in law merely affects the remedy, or the law of procedure, all rights of action will be enforcible under the new procedure without regard to whether they accrued before or after such change of law, and without regard to whether suit has been instituted or not, unless there is a saving clause as to existing legislation [litigation?]. Board of Education v. City of Chicago, 402 Ill 291; Smolen v. Industrial Com. 324 Ill 32; McQueen v. Connor, 385 Ill 455; Weil-McLain Co. v. Collins, 395 Ill 503; Ogdon v. Gianakos, 415 Ill 491.
>
> "The term 'procedure,' however, has been invested with a meaning much wider than that of pleading or practice, and no simple formula can be evolved as to when an amendment relates to a procedural, or to a substantive right."

The holding of the court was that the time limit within which a dramshop action might be brought, having been shortened by a statutory amendment, should be retroactively applied to bar plaintiff's action (which had been timely under the law as it existed when the cause of

action arose), on the ground that the legislature had so intended, and on the ground that the amendment was procedural in character. See also Dworak for Use of Allstate Ins. Co. v. Tempel, 17 Ill2d 181, 187–188, 161 NE2d 258; In re Dance's Estates, 16 Ill App2d 122, 126–130, 147 NE2d 385.

Plaintiff argues not only that the 1963 amendments brought about a change in the law but also that it was one of substance rather than procedure. We think not. The critical part of the critical sentence, with the amendment addition in italics, reads:

> "The Police Board shall establish rules of pro–cedure . . . respecting . . . the conduct of hearings before the Police Board, *or any member thereof appointed by the Police Board to hear the charges.*"

Having in mind all of what we have said above in this opinion, we believe that the amendment was procedural rather than substantive.

The section as amended should therefore be applied retroactively to this case (which was commenced before the amendment but was concluded thereafter). In so doing, plaintiff says that it could be considered as authorizing the one-member hearing which was held in September but not the one which was held in July. We think that a more sensible retroactive application would be to extend the amended law to both hearings, since compliance with plaintiff's theory would simply have required a rehearing by the same Board member of the same witnesses with the same result, a procedure which we consider somewhat ridiculous under all the circumstances.

The judgment of the Circuit Court is affirmed.

Affirmed.

McCORMICK, P. J. and DRUCKER, J., concur.