JANET HOEFLE, d/b/a THE CENTAUR CLUB, Plaintiff-Appellant, *v.* CITY OF MOLINE, Defendant-Appellee.

(No. 71-1; )

Third District—August 31, 1971.

Stanley J. Lipczynski, of Moline, for appellant.

John Donald O'Shea, of East Moline, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Plaintiff Janet Hoefle, doing business as The Centaur Club, brought an action for declaratory judgment as against City of Moline and in such action sought a declaration of the invalidity of certain provisions of a liquor ordinance enacted by such city. The action sought injunctive relief from the application, against plaintiff, of sections of the ordinance referred to. After a hearing on the merits, the Circuit Court of Rock Island County entered an order upholding the validity of the provisions of the ordinance under attack and rendered judgment for defendant.

The City of Moline Liquor Control Ordinance effective August 18, 1970, contained provisions which specified that it was unlawful for anyone except a licensee acting in accordance with the terms of his license issued under the ordinance or a person in the privacy of his own home, or as part of a religious ceremony within a church to engage in the following acts: "(1) to sell liquor, (2) to give liquor away, (3) to dispense liquor, (4) to provide mix, ice, water, or glasses for the purpose of mixing drinks at any place where liquor is present, (5) to maintain a tavern, (6) to maintain a private or public club with liquor on the premises, (7) to maintain a restaurant with liquor on the premises, (8) to maintain a commercial or business establishment with liquor on the premises, (9) to have liquor within any room, apartment, or leasehold wherein gambling paraphernalia can be found, (10) to maintain a movie theater with liquor on the premises, (11) to pour liquor for any consideration direct or indirect." The ordinance provided for punishment by fine upon

conviction of violation of the ordinance. Another section of the ordinance provided for a license for "set-ups" and this license entitled the licensee to engage in supplying glasses, water, ice or mix to be used with liquor which is to be consumed on the premises. The license did not permit the licensee to make any sales or distribution of liquor for consumption on the premises or any package sales of liquor. There were also specific provisions as to the hours of business of the licensee.

In the complaint filed by plaintiff, she alleged that she operates a business known as The Centaur Club in the City of Moline, which club is duly licensed to sell food and beverages, and that such business does not sell liquor at retail. The complaint also alleges that upon enactment of provisions of the ordinance referred to, plaintiff was notified to comply with the same or to face charges of violation of the ordinance. It is then asserted that the sections of the ordinance in question were invalid as not being within the scope of the police power of the municipality and as being beyond the scope of relevant enabling legislation enacted by the General Assembly of the State of Illinois, relating to retail sale of liquor, and also as being unconstitutional as a deprivation of property without due process as applied to plaintiff. The City of Moline filed an answer to the complaint admitting that plaintiff was duly licensed to sell food and nonalcoholic beverages, and that the sections of the ordinance in question had in fact been enacted, and that plaintiff had been notified to comply with the ordinance or face charges. In an affirmative defense, however, defendant-City alleged that plaintiff in fact was in the business of selling liquor at retail under the guise of a "set-up" club. The latter allegations were denied by plaintiff but following a hearing on the merits at which plaintiff produced no evidence, the trial court found that sales of liquor were in fact being made by plaintiff. As indicated previously, the court order also held that the sections of the ordinance in question were valid.

As we have noted, the arguments of plaintiff are, basically, that the quoted portions of the liquor control ordinance go substantially beyond the enabling legislation which permits municipalities with certain limitations to control the sale of liquor at retail (1969 Ill. Rev. Stat., Ch. 43, sec. 96, 110—114). It was alleged by plaintiff that the liquor ordinance as applied to plaintiff improperly attempts to regulate the selling of ice and soda pop and the operation of a social club and that requiring her to comply with the licensing provisions of the ordinance deprives her of property without due process of law in violation of the Illinois and Federal Constitutions.

We do not believe, however, that it is necessary for us to reach the merits of any of such contentions for the reasons outlined in this opinion.

770

During the pendency of this appeal, the City of Moline enacted a new ordinance dealing with alcoholic beverages, and the old ordinance, including the sections involved in this litigation, was repealed. Defendant contends that the questions involved have thus become moot. We have come to the same conclusion.

Section 5-38 of the current Moline City Code, effective May 10, 1971, which replaces the liquor control ordinance previously referred to, specifically provides for the sale and dispensation of liquor at retail including the pouring of liquor, and the providing of "set-ups" containing alcoholic liquors. We note that the sections of the new ordinance are more carefully drawn than the repealed portion of the old ordinance which failed to define "sale at retail", and that the questions which were raised by plaintiff with respect to the former ordinance would no longer exist. Any benefits, detriments, or liabilities which may have inured to plaintiff since the effective date of the new ordinance are governed by the new ordinance. *Schreiber v. Illinois Liquor Control Commission*, 12 Ill.2d 118, 122-23.

As stated by the Illinois Supreme Court in *Wendell v. City of Peoria*, 274 Ill. 613, 615-616, "Courts will not occupy themselves with moot cases and cases which do not involve the establishment of a right which may be the subject of controversy between the parties. * * * Even if this court reversed the decree and granted all the relief that the appellant seeks, and ordered the court below to enter a decree granting the injunction prayed and making the same perpetual, it would be impossible for the court below to comply with such order and enjoin the enforcement of an ordinance that is no longer in existence * * *." Also, as more recently stated by the Illinois Supreme Court in *La Salle National Bank v. City of Chicago*, 3 Ill.2d 375, 378-79, "A case is moot when it does not involve any actual controversy. * * * Where the issues involved in the trial court no longer exist, an appellate court will not review a case merely to decide moot or abstract questions, to establish a precedent, or to determine the right to, or the liability for, costs, or, in effect, to render a judgment to guide potential future litigation. * * * Since the existence of a real controversy is an essential requisite to appellate jurisdiction, the general rule is that where a reviewing court has notice of facts which show that only moot questions or mere abstract propositions are involved, it will dismiss the appeal * * *".

We believe that the language of the *La Salle National Bank* case referred to is determinative of this cause. The case of *Kern v. Chicago & Eastern Illinois Railroad Co.*, 44 Ill.App.2d 468, 195 N.E.2d 197, cited by plaintiff on the question of mootness is not applicable, for in that case the court had good reason to believe that the substantive issue between

the parties, though not actively in existence at the time of the court's decision, would quite likely recur, thus rendering a judicial decision disposing of the issue of significance. In the cause before us, however, the repeal of the ordinance in question makes it unlikely that the question sought to be posed in this court will again be seriously raised. Accordingly, for the reasons stated, the defendant's motion to dismiss the appeal is granted, and the appeal is, therefore, dismissed.

Appeal dismissed.

STOUDER and SCOTT, JJ., concur.