MARY PAYNE *et al.*, Plaintiffs-Appellees, *v.* COATES-MILLER, INC., Defendant-Appellant.

First District (5th Division)   No. 76-996

Opinion filed August 26, 1977.

William Henning Rubin, of Chicago, for appellant.

Robert Masur and Nancy Boyland Collins, both of Chicago, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This is an interlocutory appeal from an order of the Circuit Court of Cook County temporarily enjoining defendant from assessing costs, expenses and attorneys' fees in connection with late rent payments against the named plaintiffs and all other tenants residing in buildings managed and operated by defendant before defendant has successfully prosecuted a forcible entry and detainer action against said persons. The only issue raised on appeal is whether the court below abused its discretionary power by issuing this order. We affirm.

On October 31, 1975, a verified class action complaint was filed against defendant on behalf of plaintiff Mary Payne individually and all others similarly situated. The complaint alleged the following facts. Mary Payne was a tenant in an apartment building managed by defendant under a lease with a July 18, 1975, to September 30, 1976, term at a monthly rental of $155. On or about September 12, 1975, she received a landlord's five-day notice for September's rent. On September 30, 1975, she went to defendant's office for the purpose of paying her overdue rent. Instead of accepting the $155, defendant's agent demanded $221 and said that the additional $66 charge was assessed for costs and attorneys' fees incurred by defendant because of the rent delinquency. At this time no forcible entry and detainer complaint had been filed against her and an attorney's services had not been utilized in connection with her rent delinquency. Under threat of eviction, plaintiff paid the charge. On or about October 14, 1975, plaintiff received a five day notice for October's rent but it demanded $160, not $155, and her request that the $66 charge she previously paid be credited to October's rent was denied.

On December 8, 1975, an amended class action complaint was filed against defendant naming Mary Payne and Bernard Wilson as individual plaintiffs and as representatives of the class of defendant's tenants. This verified complaint alleged the following additional facts. Bernard Wilson was a tenant in an apartment managed by defendant under a lease with a June 20, 1975, to September 30, 1976, term at a monthly rental of $170. On or about November 15, 1975, a representative of plaintiff Wilson went to defendant's office and tendered a $170 money order to defendant's agent as payment of October's rent. Instead of accepting the $170, defendant's agent demanded $336 and said that the additional $166 charge was

assessed for court costs and attorneys' fees incurred by defendant because of the rent delinquency. At this time Wilson had not received a five-day notice for October's rent and no forcible entry and detainer complaint had been filed against him. Wilson's representative refused to pay the $166 charge and the tender of $170 was in turn refused. Then on November 24, 1975, Wilson went to defendant's office for the purpose of paying both October's and November's rent. Instead of accepting the $340, defendant's agent demanded $506 and again said that the additional $166 charge was assessed for costs and attorneys' fees incurred by defendant because of the rent delinquency. At this point Wilson had still not received a five-day notice for October's rent and he also had not received such a notice for November's rent. Nor had a forcible entry and detainer complaint been filed against him at this juncture. Wilson refused to pay the $166 charge and his tender of $340 was in turn refused. Finally, on November 30, 1975, Wilson was served with a summons in relation to a forcible entry and detainer action filed by defendant's agent.

On December 8, 1975, the same day on which plaintiffs filed the amended complaint, defendant filed a motion to dismiss the original complaint. Within this motion defendant refers to a preliminary injunction that was issued before the motion was filed and moves that it be vacated. However the record before us does not contain the order issuing this injunction and it does not disclose whether this motion was ruled on.

On December 31, 1975, plaintiffs filed a second amended class action complaint alleging the following additional facts. Wilson went to defendant's office on November 18, 1975, for the purpose of paying October's rent and defendant's agent again refused to accept the $170 money order and demanded payment of both October's and November's rent and $166 for expenses and attorneys' fees. Then on December 8, 1975, defendant waived the $166 charge assessed against plaintiff Wilson and accepted $340 as full payment of his delinquent rent in open court, but defendant did so only after the amended complaint was filed.

On January 8, 1976, defendant filed a motion to dismiss the second amended complaint which alleged the following additional facts. Mary Payne had received credit on subsequent rent for the $66 charge by December 31, 1975. However, she still owed defendant rent for the months of October, November and December, 1975, and January, 1976, which totaled $554 after the $66 credit was deducted. This motion further alleged that the forcible entry and detainer action against Wilson had been dismissed and that defendant had instituted no other legal proceedings against him. In this motion defendant again moved that a preliminary injunction be vacated, but the record does not disclose

whether this injunction is the same one that is referred to in defendant's first motion.

On January 23, 1976, the court entered a judgment against Mary Payne in the sum of $554 and ordered her to vacate her apartment within 7 days.

On July 14, 1976, defendant filed an answer to the second amended complaint which denied virtually every fact alleged therein. In particular, the answer stated that Mary Payne was no longer a tenant and admitted that Bernard Wilson was still a tenant, that his lease would expire on September 30, 1976, and that he had been informed that it would not be renewed. The answer further stated that defendant had served several five-day notices on Wilson since the filing of the instant action, but the dates of service are not given.

On July 14, 1976, the court entered an order temporarily enjoining the assessment of costs, expenses and attorneys' fees in connection with late rent payments against the named plaintiffs and all other tenants residing in buildings managed and operated by defendant before a forcible entry and detainer judgment has been obtained against said persons. This appeal followed.

OPINION

Defendant urges that the court below abused its discretionary power by issuing the injunction. In support of this contention defendant first argues that the individual claims of both named plaintiffs were moot when the injunction issued and consequently neither Mary Payne nor Bernard Wilson were proper plaintiffs at that time. Since, continues defendant, neither named plaintiff had an individual cause of action when the injunction issued, the class action was moot when it issued.

With regard to plaintiff Wilson, defendant asserts that long before the injunction issued the $166 charge assessed against Wilson had been waived and the forcible entry and detainer action against him had been dismissed. Defendant adds that Wilson's lease expired on September 30, 1976, and that Wilson had been warned prior to its expiration that his lease would not be renewed. Therefore, defendant concludes, Wilson's claim was moot on July 14, 1976.

■■ A case is moot when it does not involve an actual controversy. (See *La Salle National Bank v. City of Chicago* (1954), 3 Ill. 2d 375, 378, 121 N.E.2d 486; *Phillips v. Board of Education* (1974), 23 Ill. App. 3d 124, 126, 318 N.E.2d 687.) However, where: (1) an actual controversy concerning valuable rights of a named plaintiff and other members of his class exists when litigation begins and defendant abandons the activity giving rise to the controversy with respect to the named plaintiff before the trial court renders its decision but still maintains that he has the power

to annul these valuable rights in the future and to thereby recreate the state of affairs which existed when litigation commenced; (2) the claimed rights of the named plaintiff and his fellow class members continue to exist after the trial court renders its decision; and (3) the controversy is likely to recur; then a real controversy exists when the trial court renders its decision and the case before it was not moot when the decision was rendered. See *Hoefle v. City of Moline* (1971), 133 Ill. App. 2d 767, 770-771, 273 N.E.2d 80; *Kern v. Chicago & Eastern Illinois R.R. Co.* (1963), 44 Ill. App. 2d 468, 477, 195 N.E.2d 197, *cert. denied*, 379 U.S. 825, 13 L. Ed. 2d 35, 85 S. Ct. 51.

■■ In both the amended complaint and the second amended complaint Bernard Wilson claimed the right not to be charged with costs, expenses and attorneys' fees assessed in connection with late rent payments until defendant had obtained a forcible entry and detainer judgment. By waiving the $166 charge assessed against Wilson on December 8, 1975, defendant abandoned the challenged activity with respect to Wilson more than six months before the injunction issued. However, defendant admits that Wilson was still a tenant on July 14, 1976, under a lease whose term was to expire 2½ months after that date. Thus the right claimed by Wilson would not be extinguished by the normal expiration of his lease for 2½ months after the injunction issued. Furthermore, Wilson's claim was both individual and representative in nature and involved both the $166 charge assessed against him before a forcible entry and detainer judgment was obtained against him and defendant's practice of assessing such charges against any of its tenants who became delinquent in their rent. While waiver of the $166 charge constituted temporary abandonment of the challenged activity with respect to Wilson, it did not constitute permanent abandonment of the challenged practice with respect to either Wilson or other tenants in the future. Thus the right Wilson claimed in both an individual and a representative capacity did not expire when the injunction issued. In its motion to dismiss the original complaint defendant quotes a provision of Mary Payne's lease:

> "TENANT shall pay OWNER all OWNER'S costs, expenses and attorney's fees in and about the enforcement of covenants and agreements of this Lease." (Original emphasis.)

The same provision is found in Bernard Wilson's lease. At oral argument defendant maintained that this provision authorizes charges against the named plaintiffs such as those in question. Since defendant maintains that it has the power to assess such charges, the controversy over the practice is likely to recur. Therefore, we hold that a real controversy existed and Wilson's claim was not moot when the injunction issued. Since we find that Wilson's claim was not moot, defendant's first argument does not

persuade us that the class action was moot when the injunction issued or that the court below abused its discretion on July 14, 1976.

Concerning Mary Payne, defendant argues that she had both received a $66 credit toward subsequent rent and moved out of her apartment long before the injunction issued, therefore her claim was moot and she was not a proper plaintiff on July 14, 1976.

Assuming, *arguendo*, that her claim was moot on July 14, 1976, defendant's first argument would still be fallacious because Bernard Wilson's claim was not moot on that date. Hence this leg of defendant's first argument does not lead us to the abuse of discretion alleged by defendant to inhere in the injunction.

Defendant also argues that (1) it is only an agent of the owners of buildings it manages, (2) a judgment against a real estate agent cannot bind the principal, and (3) hence the proper defendants in the instant action are the owners of buildings managed by defendant. Since, continues defendant, the plaintiffs are not proper parties and defendant is not a proper party, defendant's motion to dismiss the action under section 22 of the Civil Practice Act (Ill. Rev. Stat. 1975, ch. 110, par. 22) should have been granted and the court abused its discretion by denying the motion. To this argument we need only respond that defendant has not convinced us that Bernard Wilson was not a proper party plaintiff and therefore we are not persuaded to accept defendant's conclusion.

Defendant's final argument is that a landlord may terminate the lease of a tenant who is delinquent in his rent and does not pay it before the time provided by the landlord's notice, and a tenant who does not pay his rent within such period is not entitled to equitable relief to prevent the termination of his lease.

Evidently defendant fails to realize that the injunction does not interfere with either a landlord's right to demand and collect rent when it is due, or his right to institute forcible entry and detainer proceedings. No equitable relief preventing the termination of leases is granted by the injunction. Therefore this argument is inapposite to the issue before us. Accordingly the judgment of the Circuit Court of Cook County is affirmed.

Affirmed.

LORENZ and MEJDA, JJ., concur.