. ROBERT SCHRADER *et al.*, Plaintiffs-Appellees, *v.* DONALD J. KROK *et al.*, Defendants-Appellants.

Second District    No. 80-970

Opinion filed August 11, 1981.

Fohrman, Lurie, Sklar & Cottle, Ltd., of Chicago, for appellants.

Thomas P. Stepanich, of Waukegan, for appellees.

Mr. PRESIDING JUSTICE SEIDENFELD delivered the opinion of the court:

Plaintiffs, deputy sheriffs in Lake County, filed an injunction against defendants, members of the Lake County Sheriff's Merit Commission, seeking to restrain enforcement of a Lake County merit commission rule[1] restricting political activities of deputies. The trial court granted a preliminary injunction based on its determination that the rule was beyond the Commission's statutory authority. On interlocutory appeal this court rejected the trial court's conclusion, reversed the judgment, and remanded for further proceedings. *Schrader v. Krok* (1980), 88 Ill. App. 3d 783.

On remand, the trial court found the rule in question to be unconstitutionally overbroad and preliminarily enjoined its enforcement. Defendants appeal from the judgment granting the injunction, contending that the trial court failed to dismiss the action in accordance with the mandate

---

[1] "SECTION 7. POLITICAL ACTIVITIES (amended 5-20-78)
No classified personnel in the Sheriff's Office shall participate in any manner in the activities or interest of any political party or of any candidate for public office or for the nomination therefor, nor participate in any manner in any political campaign for the nomination or election of candidates for public office. Violation of any provisions hereof shall be cause for removal of any such person in the Sheriff's Office so offending and such a decision by the Commission shall be binding. Nothing contained herein shall be deemed to interfere with the right of any person to sign a petition or vote for any candidate or upon any issue as his reason and conscience may dictate."

issued in our prior opinion; that the action was barred by collateral estoppel based on an unappealed judgment in an action entitled Thomas Brown, et al. v. Lake County Sheriff's Office Merit Commission, et al., in which Judge Doran found the same rule at issue here constitutional; and that the rule was not facially overbroad.

On February 3, 1981, plaintiffs filed a motion in this court to dismiss the appeal on grounds of mootness. The motion alleged that on December 22, 1980, the Commission enacted a new rule prohibiting political activity, a copy of which was attached to the motion.[2]

The motion also referred to a new State law, taking effect January 1, 1981, which provides in part: "* * * no certified person shall be removed, demoted or suspended except for cause, upon written charges filed with the Merit Commission *by the sheriff*." (Emphasis added.) (Ill. Rev. Stat., 1980 Supp., ch. 125, par. 164.) Since the pending charges against plaintiffs were filed by Donald Mason, who is not the sheriff, plaintiffs asserted that the proceedings had become moot.

Defendants responded to the motion by arguing that the hearings against plaintiffs would proceed under the prior Commission rule and State law then in force; thus, any change of law would have no effect upon the controversy between the parties. We ordered the motion and response taken with the case.

---

[2] The new rule reads as follows:

"Classified personnel in the Lake County Sheriff's Office may not participate in the following acts:
1. Use his official authority or influence for the purpose of interfering with or affecting the result of an election or nomination for office.
2. Directly, or indirectly, coerce or attempt to coerce or command a fellow classified personnel or member of the public to pay, loan, or contribute anything of value to a party, committee, organization or person for political purposes.
3. Be a candidate for nomination or election to any paid public elective office.
4. Participate in the organization of any political meeting.
5. Solicit money from any person for any political purpose.
6. Sell or distribute tickets for any political meeting.
7. Assist at the polls for any political party or candidate on election day.
8. Institute or circulate any petition on behalf of a candidate or in support of a political issue.
9. Contribute money on behalf of any candidate for office or for any political issue.
10. Participate in the construction of, or distribution of campaign literature or material on behalf of any candidate.
11. Take part in the management or affairs of any political party or in any political campaign, or be an officer or member of a committee of a partisan political club.

Violation of any provisions hereof shall subject said classified personnel to disciplinary measures, including removal of any such classified personnel from the Sheriff's Office. The decision by the Commission shall be binding. Nothing contained herein shall be deemed to interfere with the right of any classified personnel to express his/her private opinion, such as signing a petition, wearing a lapel pin, while not in uniform and/or on duty, putting a bumper sticker on one's automobile or voting for any issue as his/her reason and conscience may dictate.

The above examples are intended only as examples."

The motion and response are, in our view, dispositive of the appeal on grounds of mootness.

■■ First, the issue whether the old rule is constitutionally overbroad is moot. It is apparent, and has been conceded on oral argument by defendants, that the only persons threatened by the previous rule are the plaintiffs. They would have standing to challenge the rule if it is applied to them in a manner which violates their first amendment rights. They have, however, not challenged the rule as applied. Parenthetically, they are in no position to raise the "as applied" issue under a complaint for an injunction since the plaintiffs have not exhausted the available and presumably adequate administrative remedy. *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 552. See, also *Village of South Elgin v. Waste Management of Illinois, Inc.* (1978), 62 Ill. App. 3d 815, 822.

■■ The plaintiffs also do not have standing to challenge the prior rule as unconstitutional on its face on the basis of vagueness or overbreadth under the circumstances before us. They are the only ones threatened under this rule and it has now been supplanted by a new rule which is not directly before us in this proceeding.

Overbreadth challenges are allowed as an exception to the general rule that one cannot raise the rights of others; the exception being found in " ' * * * the existence of a penal statute susceptible of sweeping and improper application.' " *Bigelow v. Virginia* (1975), 421 U.S. 809, 816, 44 L. Ed. 2d 600, 608, 95 S. Ct. 2222, 2230.

In *Bigelow* appellant was convicted of violating a statute which prohibited encouraging abortion but which was amended shortly after Bigelow's conviction. The Supreme Court allowed the overbreadth challenge on standing grounds but found the issue of overbreadth moot based on the following reasoning:

"In view of the statute's amendment since Bigelow's conviction in such a way as 'effectively to repeal' its prior application, there is no possibility now that the statute's pre-1972 form will be applied again to appellant or will chill the rights of others. As a practical matter, the issue of its overbreadth has become moot for the future. We therefore decline to rest our decision on overbreadth and we pass on to the further inquiry, of greater moment not only for Bigelow but for others, whether the statute as applied to appellant infringed constitutionally protected speech." *Bigelow v. Virginia* (1975), 421 U.S. 809, 817-18, 44 L. Ed. 2d 600, 609, 95 S. Ct. 2222, 2230.

In *Hoefle v. City of Moline* (1971), 133 Ill. App. 2d 767, plaintiff was threatened with charges for violation of a local liquor ordinance. She brought an action to have the ordinance declared invalid and to enjoin its enforcement. The trial court denied relief, and during the pendency of

her appeal the city repealed the ordinance in question and replaced it with a new ordinance. The appellate court dismissed the appeal as moot. The court found that "the repeal of the ordinance in question makes it unlikely that the question sought to be posed in this court will again be seriously raised." *Hoefle v. City of Moline* (1971), 133 Ill. App. 2d 767, 771.

In *Rios v. Jones* (1976), 63 Ill. 2d 488, plaintiffs, physicians, were informed that they would be fired unless they passed a medical examination as required by state law. They filed an action seeking to have the law declared unconstitutional and requesting that defendants be enjoined from enforcing it. The trial court found the Act unconstitutionally vague and enjoined its enforcement. The appellate court affirmed. The Illinois Supreme court noted that the statute in question was amended during the pendency of the appeal and decided that the constitutionality of the old statute was no longer in issue. The court explained:

> "A different situation might exist if Public Act 77-2757 had been put into effect so that the plaintiffs would have been required to take an examination. The appellate court, however, granted a motion to stay the medical examination that had been scheduled for the plaintiffs. The record before this court indicates that none of the plaintiffs were required to take an examination pursuant to the requirements of Public Act 77-2757. After August 4, 1974, the plaintiffs were not threatened by the application of that act but by the application of Public Act 78-1103." *Rios v. Jones* (1976), 63 Ill. 2d 488, 495.

Here, also, as a practical matter, no persons other than the plaintiffs will be subject to prosecution under the prior rule. They therefore do not fall within the general exception which would allow them standing to raise the rights of others. The overbreadth challenge is therefore moot.

There is, however, the further fact that not only is there a new rule of the Merit Commission governing political activities of deputies, but a significant statutory change. Under the new statute (Ill. Rev. Stat., 1980 Supp., ch. 125, par. 164), the sheriff must initiate written charges.[3] If this statute is retroactive in effect the entire matter of the charges initiated by a deputy against the various plaintiffs would in practical effect be mooted. Clearly, the charges that the deputies violated recognized principles of merit employment by their political activity on behalf of the sheriff would not be pursued.

---

[3] Section 13 of the Sheriff's Merit Commission Act, effective January 1, 1981, provides that disciplinary measures for violation of Merit Commission rules or the sheriff's internal procedures "may be taken *by the sheriff*." (Emphasis added.) Section 14 provides that except as provided in the act, no certified person shall be removed, demoted, or suspended "except for cause, upon written charges filed with the Merit Commission *by the sheriff*." (Emphasis added.) While there is a reference in section 7, under "Duties and jurisdiction" to

We must therefore consider whether the new statute applies to the pending proceedings. We conclude that it does.

■■ In determining the retroactive application of statutory amendments the courts generally distinguish between substantive and procedural changes (*Orlicki v. McCarthy* (1954), 4 Ill. 2d 342, 347.) Put another way, an amendment will not be applied retroactively where it would impair a vested right. *Wilson-Raymond Constructors Co. v. Industrial Com.* (1980), 79 Ill. 2d 45, 54.

In *Murphy v. Police Board* (1968), 94 Ill. App. 2d 153, the governing statute was amended after a disciplinary hearing to authorize a single police board member to conduct a hearing. The court stated that the amendment could operate retroactively to validate the hearing. *Murphy,* at 163. See also *People ex rel. Bauer v. Elmhurst-Villa Park-Lombard Water Com.,* (1960), 20 Ill. 2d 139, 144.

A limitation upon who may file charges with the commission appears to be procedural rather than substantive. It seems strained to argue that the commission retained a vested right to proceed upon charges filed by persons other than the sheriff, especially where hearings have not yet been held. (*Cf. Korte-Reinheimer v. City Council* (1981), 94 Ill. App. 3d 219, 225-26.) *Murphy* indicates that changes in procedure of administrative hearings can be retroactively applied.

In this view, we do not reach the remaining issues presented by the defendants on appeal. However, since we have concluded that the case has become moot, and since we do not wish to be understood as affirming the trial court, we remand the cause with directions to dismiss the complaint. See *Cahokia Sportservice v. Illinois Racing Board* (1976), 41 Ill. App. 3d 69, 71. See also *Maywood Park Trotting Association, Inc. v. Illinois Harness Racing Com.* (1959), 15 Ill. 2d 559, 563-64.

Reversed and remanded with directions.

LINDBERG and REINHARD, JJ., concur.

---

the complaint "of the sheriff or states attorney as limited in this Act," it seems likely that the reference is to the states attorney's duty to prosecute actions to enforce actions for violations as provided in section 17. (Emphasis added.) See Ill. Rev. Stat., 1980 Supp., ch. 125, pars. 163, 164, 157.