MARY PAYNE *et al.*, Plaintiffs-Appellees, *v.* COATES-MILLER, INC., *et al.*, Defendants.—(WILLIAM HENNING RUBIN, Defendant-Appellant.)

First District (4th Division)    No. 80-2751

Opinion filed March 18, 1982.—Rehearing denied May 3, 1982.

William Henning Rubin, of Chicago, for appellant, *pro se*.

William P. Wilen and Dveera Segal, both of Legal Assistance Foundation, of Chicago, for appellees.

PRESIDING JUSTICE JOHNSON delivered the opinion of the court:

On September 24, 1980, following a hearing in the circuit court of Cook County, a judgment was entered against William Henning Rubin, attorney for defendant, Coates-Miller, Inc., in the amount of $8,786.10 for costs and attorney fees incurred by the Legal Assistance Foundation of Chicago (L.A.F.) in the prosecution of a contempt proceeding against Rubin.

On appeal, Rubin contends that (1) a consent decree specifically waived all attorney fees and costs, and (2) the trial court exceeded its jurisdiction in the entry of judgment for attorney fees and costs.

We reverse.

William Henning Rubin was found in contempt with regard to his failure to comply with discovery during the litigation of *Payne v. Coates-Miller, Inc.* (1977), 52 Ill. App. 3d 288, 367 N.E.2d 406. That case involved a class action suit against Coates-Miller, Inc., for illegal practices with regard to its collection of late rental payments. Rubin appealed the

contempt judgment and we affirmed. See *Payne v. Coates-Miller, Inc.* (1979), 68 Ill. App. 3d 601, 386 N.E.2d 398.

In order to determine the issues raised by Rubin, it is necessary to briefly summarize the pertinent facts relating to the disposition of the underlying complaint. On November 9, 1978, in a class action suit (see *Payne v. Coates-Miller, Inc.* (1977), 52 Ill. App. 3d 288, 367 N.E.2d 406), the parties agreed to settle the case on the merits. Plaintiffs relinquished all claims for costs and attorney fees entered by the trial court on August 4, 1976, and August 11, 1977, against defendants for their failure to comply with discovery. Plaintiffs also agreed to dismiss their third amended complaint with prejudice and without the award of attorney fees and costs for bringing the action. The trial court specifically retained jurisdiction of all matters relating to its April 25, 1977, order finding Rubin in contempt of court.

On October 18, 1979, plaintiffs filed a petition for costs and attorney fees incurred in the preparation of the rule to show cause against Rubin, the prosecution of the contempt, and the defense of Rubin's appeal of the contempt order. A hearing was held on the petition for costs and attorney fees. On September 24, 1980, the trial judge awarded the L.A.F. $8,786.10 for attorney fees and costs. This award was based on testimony by plaintiffs' attorneys concerning the amount of time expended on the contempt prosecution of Rubin.

The trial judge found that the L.A.F. incurred $446.10 in costs; Robert Masur, a supervisor at the L.A.F., had expended 43 3/4 hours on this matter and that the value of his services was $60 per hour; Nancy Collins, a staff attorney for the L.A.F., had expended 73½ hours on this matter and that the value of her services was $50 per hour; and William Wilen, a supervisory attorney in the Uptown office of the L.A.F., had expended 24 hours on this matter and the value of his services was $60 per hour. The court further stated that nothing in the final decree and judgment entered on November 9, 1978, precluded the award of costs and attorney fees for Rubin's contempt.

Rubin filed a motion to vacate this judgment which was denied. Subsequently, Rubin filed his notice of appeal.

Defendant Rubin contends that attorney fees should not have been awarded with regard to the contempt proceeding because the consent decree entered on the underlying complaint waived all attorney fees and costs. Plaintiffs claim that the consent decree which provided that they relinquish attorney fees and costs related to sanctions against Coates-Miller, Inc., only and was not directed against Rubin, its attorney.

■■ A consent decree is merely a recitation of the settlement agreement between the parties. (*Clark v. Standard Life & Accident Insurance Co.* (1979), 68 Ill. App. 3d 977, 983, 386 N.E.2d 890, 896.) The determination

of the intention of parties to a settlement agreement is governed by principles of contract law. (*Pierce v. MacNeal Memorial Hospital Association* (1977), 46 Ill. App. 3d 42, 49, 360 N.E.2d 551, 557.) As such, the law of contracts controls the interpretation of a consent decree and its meaning should be determined by the language chosen by the parties. (*Pierce v. MacNeal Memorial Hospital Association* (1977), 46 Ill. App. 3d 42, 50; *Clark v. Standard Life & Accident Insurance Co.* (1979), 68 Ill. App. 3d 977, 983.) Where there is no ambiguity, the intention is determined from the language alone. *Carvallo v. Carvallo* (1978), 62 Ill. App. 3d 394, 398, 378 N.E.2d 1288, 1291.

At issue, in the instant case, is the interpretation of the following language which appears in the consent decree:

> "6. Plaintiffs and their counsel relinquish any and all claims for costs and fees entered by this Court on August 4, 1976 and August 11, 1977 for failure of defendants to comply with discovery."

Under contract law, an agreement, when reduced to writing, must be presumed to speak the intentions of the parties who signed it. (*Gardiakos v. Vanguard Communications, Inc.* (1976), 38 Ill. App. 3d 937, 940, 350 N.E.2d 210, 212.) It speaks for itself, and the intention with which it was executed must be determined from the language used to express its intention. *Gardiakos v. Vanguard Communications, Inc.* (1976), 38 Ill. App. 3d 937, 940.

■■ In the present case, the language of the agreement was clear and unequivocal as to plaintiffs' counsel relinquishing any and all claims for costs and fees for defendants' failure to comply with discovery. Further, plaintiffs' counsel knew at the time of signing the consent decree that Rubin was found in contempt. Consequently, the language of the agreement controls. Therefore, the trial court erred in awarding attorney fees and costs for plaintiffs' counsel in this case.

Defendant Rubin's final contention has been foreclosed by the above holding that an award of attorney fees and costs was improper.

For all of the foregoing reasons, the judgment of the circuit court of Cook County is reversed.

Reversed.

ROMITI and JIGANTI, JJ., concur.