RICHARD S. COHAN *et al.*, on Behalf of Themselves and All Others Similarly Situated, Plaintiffs-Appellants, v. CITICORP *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—91—0338

Opinion filed November 17, 1993.

Clinton A. Krislov, of Chicago, and Paul R. Karasik, of Highland Park, for appellants.

Kirkland & Ellis, of Chicago (Samuel A. Haubold and James D. Dasso, of counsel), for appellees.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, Richard S. Cohan and Rose Cohan, on behalf of themselves and all others similarly situated, brought a class action against defendants, Citicorp and Citibank, N.A. Plaintiffs sought declaratory relief and money damages stemming from the assessment of custodial fees charged by defendants for services performed in connection with "American Depository Receipts" (ADR's). Following a hearing on defendants' motion to dismiss, the trial court dismissed

plaintiffs' four-count complaint with prejudice. The court dismissed the first count, ruling that declaratory relief is not an available remedy in a class action. The court dismissed the remaining three counts as moot. Plaintiffs now appeal. We reverse and remand.

On appeal from a motion to dismiss all properly pleaded facts are accepted as true. (*Stone v. Omnicom Cable Television of Illinois, Inc.* (1985), 131 Ill. App. 3d 210, 213, 475 N.E.2d 223, 229.) Accordingly, the operative facts are as follows. Defendants serve as a depositary for ADR's, which are negotiable certificates representing ownership in publicly traded foreign corporations. As a depositary, defendants are responsible for maintaining customer accounts, registering ADR transfers and exchanges, and collecting, processing and distributing stock splits and dividends. From 1975 through 1987, plaintiffs purchased from defendants four ADR certificates representing 4,300 underlying shares of Driefontein Consolidated Ltd. Driefontein is a South African company engaged in mining gold.

In November 1987, Driefontein declared a 2-for-1 stock split. The following month, defendants demanded the surrender and exchange of all Driefontein ADR certificates for reissue of new certificates reflecting the stock split. Plaintiffs refused to surrender their ADR certificates because defendants sought to assess a per-share service fee which was in excess of the service fee listed on a previous fee schedule.[1]

In April 1990, defendants agreed to waive the service fee associated with the exchange of plaintiffs' ADR certificates, but maintained the right to charge the per-share service fee in the future. Plaintiffs refused defendants' offer. Plaintiffs subsequently brought this class action, and alleged the following four counts in their complaint: (I) contract of adhesion; (II) breach of contract; (III) common law fraud; and (IV) Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 1992)). After a hearing on defendants' motion to dismiss, the trial court ruled with respect to count I that declaratory relief was not an available remedy in a class action. Additionally, the court ruled that no actual controversy remained as to counts II, III and IV after defendants agreed to waive the service fee. The trial court, therefore, entered an order dismissing plaintiffs' complaint with prejudice. This appeal followed.

■ We begin by addressing the trial court's dismissal of count I in

---

[1]For the exchange of the four ADR certificates held by plaintiffs, defendants sought to charge a service fee of $.05 per share of underlying Driefontein stock. The previous fee schedule listed a charge of $1.00 per ADR certificate regardless of the number of shares represented by the certificate.

which plaintiffs alleged a contract of adhesion and for which plaintiffs sought declaratory relief. The trial court ruled as follows:

"With respect to Count I of the complaint, I know of no case that permits a class action to be maintained as a declaratory judgment action, nor any such case that has been presented by the plaintiffs through their attorneys who apparently specialize in class action cases."

As seen in the above quote, the court below based its dismissal on the belief that declaratory relief is not an available remedy in a class action. This belief is erroneous and we reverse.

Put simply, there is no authority to hold that a class of plaintiffs may not seek declaratory relief. The relevant section in the Illinois Code of Civil Procedure on declaratory judgments does not suggest that declaratory relief is unavailable in class actions. (735 ILCS 5/2—701 (West 1992).) Likewise, the pertinent section on class actions does not preclude class certification merely because declaratory relief is being sought. (735 ILCS 5/2—801 (West 1992).[2] ) Furthermore, we can find no case law authority to support this proposition.

On the other hand, the Illinois Supreme Court, along with a multitude of appellate court decisions, by granting declaratory relief in class actions has recognized the ability of a class of plaintiffs to maintain an action for declaratory relief. See, *e.g., Ross v. City of Geneva* (1978), 71 Ill. 2d 27, 373 N.E.2d 1342; *Concannon v. Illinois Bell Telephone Co.* (1987), 163 Ill. App. 3d 509, 516 N.E.2d 756; *Stone v. Omnicom Cable Television of Illinois, Inc.* (1985), 131 Ill. App. 3d 210, 475 N.E.2d 223; *Payne v. Coates-Miller, Inc.* (1977), 52 Ill. App. 3d 288, 367 N.E.2d 406.

In *Ross v. City of Geneva,* the supreme court upheld a declaratory judgment in favor of a plaintiff class of commercial users of electricity. (*Ross v. City of Geneva* (1978), 71 Ill. 2d 27, 373 N.E.2d 1342.) The facts involved in *Ross* are as follows. The City of Geneva passed two municipal ordinances which had the effect of imposing a 10% surcharge on the electric bills of commercial users to be set aside for a special parking fund. When the 10% surcharge first showed on his electric bill, Ross, a commercial user of electricity, brought a class action against the City of Geneva on behalf of himself and others similarly situated seeking money damages and declaratory relief, *i.e.,* to have the ordinances declared invalid for exceeding their statutory authority. *Ross,* 71 Ill. 2d at 29-30, 373 N.E.2d at 1343-44.

---

[2]Compare Rule 23(b) of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 23(b)), which expressly contemplates a class action seeking declaratory relief.

The trial court held the ordinances invalid, and awarded money damages to Ross, but denied class certification. Plaintiff, Ross, appealed the denial of class certification. Defendant, City of Geneva, cross-appealed. The appellate court affirmed the declaratory judgment and the award of money damages. The appellate court, however, reversed the denial of class certification. The City of Geneva again appealed. *Ross*, 71 Ill. 2d at 29-30, 373 N.E.2d at 1343-44.

The supreme court affirmed the appellate court's decision declaring the ordinances invalid, awarding money damages and certifying the class. (*Ross v. City of Geneva* (1978), 71 Ill. 2d 27, 373 N.E.2d 1342.) The result of the supreme court's decision was to affirm a declaratory judgment in favor of the plaintiff class. While the ability of a class to maintain an action for declaratory relief action was not directly addressed by the supreme court, it is inherent in its result. It is, therefore, plain that a class of plaintiffs may seek declaratory relief. Accordingly, the trial court erred when it dismissed count I of plaintiffs' complaint.

■ Next, we address the dismissal of the remaining three counts. The trial court ruled that these counts were moot by virtue of defendants' waiver of the service fees. The plaintiffs argue, however, that the defendants' one-time voluntary waiver does not render their claim moot. We agree with plaintiffs.

It is axiomatic that a court will not consider abstract questions, moot issues or cases brought on behalf of parties who do not seek or desire judicial aid. A matter is moot when it presents or involves no actual controversy, interests or rights of the parties, or where issues have ceased to exist. (*Forest Preserve District v. City of Aurora* (1992), 151 Ill. 2d 90, 94, 600 N.E.2d 1194, 1196.) The mere voluntary cessation of allegedly wrongful conduct, however, cannot render a case moot, unless it becomes absolutely clear that such behavior could not reasonably be expected to recur. (*Fryzel v. Chicago Title & Trust Co.* (1988), 173 Ill. App. 3d 788, 794, 527 N.E.2d 1025, 1028; *Payne v. Coates-Miller, Inc.* (1977), 52 Ill. App. 3d 288, 291-92, 367 N.E.2d 406, 409.) The burden is on the defendant to make this showing. *United States v. Concentrated Phosphate Export Association* (1968), 393 U.S. 199, 203, 21 L. Ed. 2d 344, 349, 89 S. Ct. 361, 364.

The rationale for such a rule is readily apparent. Should the law be otherwise, a defendant would be free to resume the very practices which gave rise to the controversy. *Fryzel v. Chicago Title & Trust Co.* (1988), 173 Ill. App. 3d 788, 794, 527 N.E.2d 1025, 1028.

In *Payne*, two tenants brought a class action against their building's management company. (*Payne v. Coates-Miller, Inc.*, 52 Ill. App. 3d 288, 367 N.E.2d 406.) The two named plaintiffs, Payne and

Wilson, sought to enjoin the defendant company from assessing costs, expenses and attorney fees in connection with late rent payments before initiating legal proceedings. The trial court granted a preliminary injunction against the management company. The defendant company appealed. The company argued that at the time the injunction issued, the claims of the two named plaintiffs were moot. *Payne*, 52 Ill. App. 3d at 291, 367 N.E.2d at 409.

As to plaintiff Wilson, the company argued that it had waived its $166 charge, making his cause of action moot. The appellate court rejected this argument. The court pointed out that despite the waiver, the company maintained that it had the right to assess these charges in the future. Since Wilson was still a tenant at the time the injunction issued and was still subject to the same assessments, the court held the controversy over the charges was likely to continue. The court found this to be a sufficient basis on which to find a live controversy and did not address the mootness argument concerning plaintiff Payne. *Payne*, 52 Ill. App. 3d at 292-93, 367 N.E.2d at 409.

Defendants attempt to distinguish *Payne* from the instant case. They argue that in *Payne* the defendant ceased its conduct after a suit had been filed (see *Payne*, 52 Ill. App. 3d at 290, 367 N.E.2d at 408), and therefore is not applicable to the present case where defendants waived their fee four months before the plaintiffs filed suit. This distinction, however, does not warrant a different result where as here defendants assert their right to engage in the same activity in the future. See *United States v. Aluminum Co. of America* (2d Cir. 1945), 148 F.2d 416, 448 (where Justice Learned Hand held: "The mere cessation of an unlawful activity before suit does not deprive the court of jurisdiction to provide against its resumption; a case or controversy may remain to be disposed of").

The instant case is strikingly similar to *Payne*. Here, the Cohans objected to the per-share service fee assessed by defendants. Defendants eventually waived the charge, but maintain the right to assess the very same charge in the event of a future stock split. Despite maintaining the per-share service charge and asserting the right to charge it in the future, the defendants argue that the controversy is unlikely to recur. Defendants base their argument on the lone fact that the last stock split occurred 16 years ago.

Maintaining the right to charge the per-share fee, however, by its very nature indicates that the controversy over the fees is likely to occur again in the future. By merely reciting the date of the last stock split, the defendants have not met their burden of demonstrating that it is absolutely clear that such behavior could not reasonably be expected to recur. We hold that a live controversy was presented

in counts II, III and IV of plaintiffs' complaint. Accordingly, the trial court's dismissal of those counts was error and we reverse.

For the foregoing reasons, we reverse the judgment of the trial court and remand for proceedings not inconsistent with this opinion.

Reversed and remanded.

TULLY, P.J., and CERDA, J., concur.