## WESTERN OIL REFINING COMPANY *v.* LIPS-COMB, CLERK OF THE COUNTY COURT OF MAURY COUNTY, TENNESSEE, AS SUCCESSOR OF THOMAS.

ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 168.　Submitted March 23, 1917.—Decided June 4, 1917.

It is the essential character of commerce which determines whether it is interstate or intrastate, and not the accident of through or local bills of lading.

Where commodities are in fact destined from one State to another, a rebilling or reshipment en route does not of itself break the continuity of the movement or require that any part be classified differently from the remainder.

Plaintiff, an Indiana corporation, for the purpose of filling orders taken by its salesmen in Tennessee, shipped into that State a tank car of oil and a carload of barrels and filled the orders from the cars through a traveling agent, who drew the oil from the tank into the barrels, or into others furnished by the customers, and made delivery to the latter, collecting the price at the time. The cars were billed to the plaintiff to a point in Tennessee where part of the orders was filled, and thence rebilled to the plaintiff to another point in that State where the remaining orders were filled and the supply of oil and barrels exhausted, this in pursuance of plaintiff's plan and intention at the time of original shipment that the cars should remain at the first place only long enough to fill the orders from there and should then proceed to the second. *Held*, that the movement of the goods to the first place and its continuance thence to the second were connected parts of a continuing interstate commerce movement to the latter, and that plaintiff could not be subjected to an occupation or privilege tax under the law of Tennessee because of the sales consummated at either destination.

Reversed.

THE case is stated in the opinion.

*Mr. H. C. True* and *Mr. A. L. Dorsey* for plaintiff in error.

*Mr. Frank M. Thompson,* Attorney General of the State of Tennessee, for defendant in error.

MR. JUSTICE VAN DEVANTER delivered the opinion of the court.

This was a suit by an Indiana corporation to recover money paid under protest as an occupation or privilege tax in Tennessee. The plaintiff had an oil refinery in Illinois and a steel barrel factory in Indiana and was selling the products of its refinery and factory upon orders taken by traveling salesmen in its employ. For the purpose of filling orders so taken in Maury County, Tennessee, it shipped into that county from its refinery a tank car of oil and from its factory a car of steel barrels. Both cars were billed to the plaintiff at Columbia, in that county, and, after the orders from that place were filled, were rebilled to the plaintiff at Mount Pleasant, in the same county, where the orders from the latter place were filled. At both places the orders were filled directly from the cars by a traveling agent of the plaintiff and the purchase price was collected at the time—this being what was contemplated when the orders were taken. If the order was for both oil and barrels the oil was drawn out of the tank car into the barrels and the two were jointly delivered, and if oil alone was ordered it was drawn from the tank car into barrels otherwise provided by the buyer. When the cars were originally shipped they contained just the quantity of oil and the number of barrels required to fill the orders from the two places, and the plaintiff intended that they should remain at Columbia only long enough to fill the orders from that place and then should be sent to Mount Pleasant so the orders from that place could also be filled. The quantity of oil and the number of barrels required to fill the orders from Mount Pleasant were in the cars continuously from the time of the original shipment

until the cars reached that place. The plaintiff had no office or local agent in Tennessee, nor any oil depot, storage tank or warehouse in that State.

The statute, c. 479, Acts 1909, § 4, under which the tax was exacted and paid, provides:

"Each and every person, firm, partnership, corporation, or local agent having oil depots, storage tanks, or warehouses for the purpose of selling, delivering, or distributing oil of any description, and each and every person, firm, partnership, corporation, or local agent using a railroad car or railroad depots for such purposes, shall pay a privilege tax as follows."

The objection made to the tax, as applied in the circumstances stated, was that it was a tax upon interstate commerce and therefore violative of the commerce clause of the Constitution. In the county court judgment was given for plaintiff and this was reversed by the Supreme Court of the State, which held, first, that what was done up to and including the filling of the orders from Columbia was interstate commerce and the State could not exact a privilege tax therefor consistently with the commerce clause of the Constitution (see *Western Oil Refining Co.* v. *Dalton*, 131 Tennessee, 329), and, second, that what was done thereafter—rebilling and forwarding the cars from Columbia to Mount Pleasant and then filling the orders from that place—was intrastate commerce and afforded an adequate basis for exacting the tax.

Of the first part of the decision it is enough to say it is supported by a long line of adjudicated cases in this court, among them being these: *Caldwell* v. *North Carolina*, 187 U. S. 622; *Dozier* v. *Alabama*, 218 U. S. 124; *Crenshaw* v. *Arkansas*, 227 U. S. 389; *Stewart* v. *Michigan*, 232 U. S. 665.

In the second part of the decision we think the court erred. Unlike *Gulf, Colorado & Santa Fe Ry. Co.* v. *Texas*, 204 U. S. 403, this is not a case where at the time of the

original billing the shipper had no purpose to continue the transportation beyond the destination then indicated; nor is it a suit, as was that, to penalize a carrier which rightly conformed its action to what was said in the bill of lading. On the contrary, it is a case where the shipper intended from the beginning that the transportation should be continued beyond the destination originally indicated and where there is nothing which requires that decisive effect be given to the bill of lading. Ordinarily the question whether particular commerce is interstate or intrastate is determined by what is actually done and not by any mere billing or plurality of carriers, and where commodities are in fact destined from one State to another a rebilling or reshipment en route does not of itself break the continuity of the movement or require that any part be classified differently from the remainder. As this court often has said, it is the essential character of the commerce, not the accident of local- or through bills of lading, that is decisive. *Southern Pacific Terminal Co.* v. *Interstate Commerce Commission,* 219 U. S. 498; *Ohio Railroad Commission* v. *Worthington,* 225 U. S. 101; *Texas & New Orleans R. R. Co.* v. *Sabine Tram Co.,* 227 U. S. 111; *Louisiana Railroad Commission* v. *Texas & Pacific Ry. Co.,* 229 U. S. 336; *Chicago, Milwaukee & St. Paul Ry. Co.* v. *Iowa,* 233 U. S. 334, 343; *South Covington & Cincinnati Street Ry. Co.* v. *Covington,* 235 U. S. 537, 545.

Here, when the cars were started from Illinois and Indiana, it was intended by the shipper, as is expressly conceded, that they should be taken to Columbia, Tennessee, where a portion—a definite portion—of the contents of each was to be taken out and delivered, and that the cars, with the remainder of the contents, should proceed to Mount Pleasant in the same State; and this is what actually was done. Columbia was the destination of only a part of the merchandise, not of all. As to part it was merely the place of a temporary stop en route. The orig-

inal billing to Columbia and the rebilling from there to Mount Pleasant operated in the same way as would an original billing to Mount Pleasant with the privilege of stopping en route at Columbia to deliver a part of the merchandise. Indeed, it is stipulated that the reason for not billing the cars through to Mount Pleasant in this way was because the carriers receiving the shipments "would not allow such stop-over privilege, though the same is allowed on nearly every other kind of shipment." Certainly the transportation of the merchandise destined to Mount Pleasant was not completed when it reached Columbia; nor was the continuity of its movement broken by its temporary stop at that place. As to that merchandise the journey to Columbia and the journey from there to Mount Pleasant were not independent, each of the other, but in fact and in legal contemplation were connected parts of a continuing interstate movement to the latter place.

It results that the tax was imposed for carrying on interstate commerce, and so was repugnant to the Constitution and void.

*Judgment reversed.*

The CHIEF JUSTICE dissents, being of opinion that the case is controlled by *May* v. *New Orleans*, 178 U. S. 496.