RENTAR INDUSTRIES, INC., Plaintiff-Appellant, *v.* HAROLD RUBEN-STEIN, Defendant-Appellee.

First District (3rd Division)   No. 81—1186

Opinion filed September 21, 1983.

Ronald J. Sklar, William J. Harte, and Roger B. Harris, all of Chicago (Altheimer & Gray and William J. Harte, Ltd., of counsel), for appellant.

Alvin E. Rosenbloom, of Chicago, for appellee.

JUSTICE WHITE delivered the opinion of the court:

Plaintiff, Rentar Industries, Inc. (Rentar), appeals from an order of the circuit court of Cook County denying its motion to stay arbitration proceedings, commenced by defendant, Harold Rubenstein (Rubenstein) pursuant to section 102(b) of the Uniform Arbitration Act (Ill. Rev. Stat. 1979, ch. 10, par. 102(b)).

In November 1977, Rubenstein entered in to a written contract of employment with Rentar that provided for a five-year term of employment and contained provisions regarding Rubenstein's position, title, salary, bonus, expense reimbursement, insurance, and vacation and retirement benefits. The contract also provided:

> "In the event that a dispute arises over any provision of this Agreement, the parties agree to submit such dispute to arbitration to be conducted in accordance with the rules of, and by, the American Arbitration Association."

Rubenstein's claim is that he was improperly discharged by Rentar on August 26, 1980, when Milton Ratner, chairman of the board of Rentar Industries, advised him that his salary was being reduced by half, until such time as was reasonable for him to obtain other employment. Rubenstein then filed a demand for arbitration pursuant to the arbitration clause alleging that:

> "Rentar Industries, Inc. has dismissed claimant from its employ and refuses to pay claimant in accordance with the provisions of the Employment Agreement the parties entered into on November 15, 1977."

Rentar moved in the circuit court of Cook County to stay the arbitration proceedings. The trial court denied Rentar's motion. On Rentar's motion for reconsideration, the trial court denied the motion and stayed arbitration pending this appeal.

The sole issue presented for review is whether the contract provision which requires the parties to submit to arbitration "disputes over any provision of this Agreement" requires the parties to arbitrate the dispute over Rubenstein's termination. Rentar argues that the issue of termination is not mentioned in any provision of the contract, and therefore, is not subject to arbitration. Rubenstein, however, maintains that Rentar misstates the issue presented which, he argues, is whether the arbitration clause contained in the contract of employment requires the parties to arbitrate questions of continuing salary and benefits upon termination of his employment by Rentar.

Generally, parties are only bound to arbitrate those issues which by clear language they have agreed to arbitrate; arbitration agreements will not be extended by construction or implication. (*Flood v. Country Mutual Insurance Co.* (1968), 41 Ill. 2d 91, 242 N.E.2d 149.)

In *Flood*, however, the court was presented with an arbitration clause that was specific in its designation of issues which were subject to arbitration. The arbitration clause in the case at bar is nonspecific in its designation of arbitrable disputes and has been termed a "generic" arbitration clause. (*Roosevelt University v. Mayfair Construction Co.* (1975), 28 Ill. App. 3d 1045, 331 N.E.2d 835.) In determining the scope of such a clause, this court has held that where an arbitration clause in a contract pertains to "all disputes arising in connection with" the contract, the scope of the clause is limited to the specific terms of the contract. *Silver Cross Hospital v. S. N. Nielsen Co.* (1972), 8 Ill. App. 3d 1000, 291 N.E.2d 247; *Blades, Inc. v. Jarman Memorial Fund, Inc.* (1969), 109 Ill. App. 2d 224, 248 N.E.2d 289.

Here, the arbitration clause in the contract between Rentar and Rubenstein pertains to disputes arising "over any provision of this agreement." We find this clause similar to an arbitration clause that pertains to "all disputes arising in connection with" a contract. Accordingly, as in *Silver Cross* and *Blades*, the scope of the arbitration clause before us is limited to those disputes involving the specific terms of the contract.

The contract between Rentar and Rubenstein provides in pertinent part:

"TERM.

Employer agrees to hire Employee for a term of 5 years commencing the 1st day of January, 1978, and ending the 31st day of December, 1982."

Clearly, we have before us a contract of employment whose termination date is December 1982. Rentar, however, terminated Rubenstein in August 1980, when Milton Ratner allegedly advised Rubenstein that he would be paid half salary for a reasonable period during which he could seek new employment. Under such circumstances we believe that the subject matter of the dispute involved the aforementioned contract provision that established a five-year term of employment. We find, therefore, that the dispute between Rentar and Rubenstein was subject to the arbitration clause in their contract. Accordingly, we conclude that the trial court did not err in denying Rentar's motion to stay arbitration proceedings.

For the aforementioned reasons, we affirm the order of the circuit court of Cook County.

Affirmed.

McNAMARA, P.J., and RIZZI, J., concur.