HOMER A. BENJAMIN, Petitioner-Appellant, *v.* THE BOARD OF ELECTION COMMISSIONERS *et al.*, Respondents-Appellees.

First District (5th Division)   No. 84—408

Opinion filed March 19, 1984.

Homer A. Benjamin, of Chicago, for appellant, *pro se.*

Nancy L. Kaszak and Michael Levinson, both of Chicago, for appellees.

PRESIDING JUSTICE MEJDA delivered the opinion of the court:

Petitioner, Homer A. Benjamin, appeals from an order of the circuit court affirming the decision of defendant Board of Election Commissioners (the Board) not to cause petitioner's name to be printed on the ballot for the primary election for Democratic Party committeeman for the 46th Ward in Chicago. Initially we note that petitioner's main brief is devoid of citation to legal authority and contains no legal argument, and we would accordingly be justified in dismissing this appeal. (87 Ill. 2d R. 341(e)(7); *47th & State Currency Exchange, Inc. v. B. Coleman Corp.* (1977), 56 Ill. App. 3d 229, 232-33, 371 N.E.2d 294.) Nonetheless, we declined to do so and have considered the issues raised. Following oral arguments, we entered an order affirming the trial court with an opinion to follow. The pertinent facts are hereafter set forth.

Petitioner filed his nominating papers with the Board on December 12, 1983. The nominating petition contained 1,833 signatures. On December 30, 1983, respondent Tomas Bissonnette filed objections to the nominating petition on the ground that over 700 of the signatures were invalid. The Board convened a hearing on the objector's petition on January 3, 1984, which was continued, according to respondents' brief, to allow for a precinct binder check to determine the validity of the objections to the signatures. No transcript from this hearing appears in the record. After the binder check was completed, petitioner was allowed to submit index cards with the names of signers to be checked against a master file. Petitioner failed to submit any names.

The hearing was resumed on January 17, 1984. The hearing officer indicated that the minimum number of signatures required was 1,379. At no time did petitioner object to this requirement on any

ground. The nominating papers, as already indicated, contained 1,833 signatures. As a result of the binder check, objections to 599 signatures were sustained, primarily on the basis that the signer did not live in the ward or at the indicated address.

Petitioner, called as a witness on the hearing officer's motion, failed to present any evidence tending to show the validity of the signatures which had been struck. He did not produce any affidavits from signatories nor did he call any witnesses to testify that they were registered voters in the 46th Ward and had signed his petition. On the hearing officer's motion, a Board employee, Mr. Kikulski, testified that 117 binder cards had not been available for the binder check, and that these cards reflected new registrations occurring on or before the date petitioner's nominating papers were filed, December 12, 1983. The hearing was continued until the next day.

On January 18, 1984, petitioner presented several index cards to the hearing officer after the latter had granted additional time for a master file check. The hearing officer recommended that several signatures which had previously been determined invalid be reinstated. Nonetheless, the nominating petition remained about 138 signatures short of the required number. According to the testimony of the only other witness to appear at the hearing, Allison Tallard, who is also a Board employee, the total of binder cards and change of address cards which was unavailable for the binder check was 124. The hearing officer noted that even if all of these people had signed the nominating petition and all of their signatures had been erroneously disqualified by the Board for failing to appear in the binder check, petitioner would still have failed to tender the required number of valid signatures. The Board adopted the hearing officer's recommendation and sustained the objections and declared the petition not valid. Petitioner sought review in the circuit court which affirmed the decision of the Board. He then appealed to this court. This court heard the matter on an expedited schedule and after oral argument and due consideration of the record and briefs, announced our decision to affirm the circuit court. At that time we indicated that a written opinion would subsequently be issued to explain the reasons for our decision. This is that opinion.

OPINION

■■ Section 10—4 of the Election Code provides that:

"*** Such petition shall be signed by the qualified voters in their own proper persons only, and opposite the signature of each signer his residence address shall be written or printed

(and if a resident of a city having a population of over 10,000 by the then last preceding federal census, the street and number of such residence shall be given); ***.

No signature shall be valid or be counted in considering the validity or sufficiency of such petition unless the requirements of this Section are complied with. ***." (Ill. Rev. Stat. 1983, ch. 46, par. 10—4.)

This court has construed this section to require that a person who signs a nominating petition must be registered to vote at the residence address set forth on the nominating petition. (*Greene v. Board of Election Commissioners* (1983), 112 Ill. App. 3d 862, 869, 445 N.E.2d 1337.) Whether a person is a registered voter and whether he or she is registered at the residence address indicated on the nominating petition are both questions of fact. (See 112 Ill. App. 3d 862, 869.) Review of the Board of Election Commissioners' decision on such questions of fact does not extend to a *de novo* assessment of the evidence (*Williams v. Butler* (1976), 35 Ill. App. 3d 532, 538, 341 N.E.2d 394), and is guided by the familiar manifest weight of the evidence standard *Greene v. Board of Election Commissioners* (1983), 112 Ill. App. 3d 862, 870-71, 445 N.E.2d 1337.

▪ In the instant case, it is apparent that the Board of Election Commissioners had sufficient evidence to determine that the signatures to which objections were sustained were in fact invalid. Petitioner wholly failed to introduce evidence which would support a contrary finding. Our review of the record indicates that this failure was not occasioned by the Board's failure to provide voter registration data, but was due instead to petitioner's strategy of pursuing a one-man campaign. While it is possible that the Board's records are not entirely current or complete, petitioner has presented no more than speculation to rebut the objector's contentions. Accordingly, we conclude that the decision of the Board was not against the manifest weight of the evidence and the circuit court did not err in so concluding. *Greene v. Board of Election Commissioners* (1983), 112 Ill. App. 3d 862, 871, 445 N.E.2d 1337.

▪ At oral argument petitioner called our attention to a case recently decided in the United States District Court, *Smith v. Board of Election Commissioners* (N.D. Ill., 1984), 587 F. Supp. 1136. In that case, United States District Judge Marvin Aspen held that the statute requiring the petitions to contain the signatures of 10% of the primary electors voting in the ward in the previous election was an unconstitutional infringement on the political rights of the plaintiffs.

While we are not bound to follow the decisions of a United States District Court, we do give those decisions the weight merited by the persuasiveness of their reasoning. (*Chicago Transit Authority v. Yellow Cab Co.* (1982), 110 Ill. App. 3d 379, 383, 442 N.E.2d 546.) But more to the point, in the instant case petitioner has utterly failed to raise this point at any stage of the proceedings prior to oral argument and has therefor waived this contention on appeal. See *Griffitts Construction Co. v. Department of Labor* (1979), 76 Ill. 2d 99, 106-07, 390 N.E.2d 333 (equal protection claim waived by failure to present contention in timely fashion to appropriate tribunal).

For the foregoing reasons we have affirmed the order of the circuit court.

Affirmed.

WILSON and LORENZ, JJ., concur.