VINCENT McCULLOUGH, Petitioner-Appellant, v. MICHAEL E. LaVELLE *et al.*, Respondents-Appellees.

First District (5th Division) No. 86—0579

Opinion filed March 14, 1986.

Nancy L. Kaszek, of Chicago, for appellant.

Michael Levinson, of Chicago, for appellees Michael E. LaVelle, James R. Nolan, Cornel A. Davis, and Chicago Board of Election Commissioners.

Baum, Raffolo & Marzal, Ltd., of Chicago, for appellee Alfred Desecki.

JUSTICE LORENZ delivered the opinion of the court:

Petitioner Vincent McCullough has appealed from an order of the circuit court of Cook County affirming the decision of the municipal officers electoral board of the city of Chicago to strike McCullough's name from the ballot in a special election for the 15th ward Democratic committeeman scheduled for March 18, 1986. The sole issue on appeal is whether the board's decision was contrary to the manifest weight of the evidence.

We affirm.

On January 10, 1986, McCullough filed his nominating petitions along with a sworn statement of candidacy in which he stated that he resided at 6203 South Wood Street (an address in Chicago's 15th ward) and was a qualified voter. On January 2, 1986, McCullough had registered to vote at the Wood Street address. On January 22, 1986, Alfred Desecki filed a petition objecting to McCullough's nomination papers on the ground, *inter alia*, that at the time of filing his papers McCullough did not reside in the 15th ward.

A board hearing examiner conducted a series of evidentiary hearings on the objector's petition. At those hearings, the only evidence concerning McCullough's residency was the testimony of two of the objector's witnesses, Larry Williams and Eugene Davis.

Eugene Davis, testifying pursuant to the objector's subpoena, stated that he was the deputy registrar who had registered McCullough on January 2, 1986. McCullough had showed Davis his voter's registration card, which listed his address at 74 East 68th Street, an address which all parties agree was not in the 15th Ward. McCul-

lough asked Davis to register him in the 15th ward. Davis recalled that McCullough told him he was going to be living in the 15th ward either after the election or during the election (Davis was not sure which time frame was used). McCullough showed Davis a social security card and a city of Chicago employee identification card, neither of which indicated his address. When Davis asked him if he had any proof of his new address, McCullough told him he had a rent receipt, but did not show it to him. Nonetheless Davis then registered McCullough, listing his address as 6203 South Wood Street. On the registration form McCullough swore that the statements in the form (which included his purported new address) were true, also swearing: "*** that on the date of the next election I shall have resided *** in the election precinct in which I reside 30 days ***."

On an earlier hearing date (February 6, 1986), Larry Williams testified that McCullough did not live at 6203 South Wood Street. He based this opinion on the following. The evening before his testimony he had gone to McCullough's old address, 74 East 68th Street, and had seen McCullough's name on the mailbox. He also spoke to a male tenant at that building. That same evening, between 4 p.m. and 1:30 a.m. he had gone three times to the Wood Street address and was unable to locate McCullough. He also spoke to three individuals from the building at that address. Williams indicated that based on all of these factors he concluded that McCullough still lived at the 68th Street address.

Based on this evidence, the hearing examiner concluded that McCullough did not reside at the Wood Street address shown in the nomination papers and his registration at the address was false. He recommended to the board that McCullough's name not be printed on the ballot. The examiner noted that Davis' testimony, which he characterized as "very strong" because its admission of improper registration constituted an admission against interest, confirmed the testimony of Larry Williams. The examiner also noted that McCullough had chosen not to testify and had not attempted to rebut any of this evidence.

In adopting the examiner's recommendation, the board specifically noted that no evidence had been presented to rebut the evidence that McCullough did not reside at the address shown on his nomination papers.

■■ ■ Section 7—8(b) of the Election Code provides in pertinent part that "[e]ach candidate for ward committeeman must be a resident of and in the ward where he seeks to be elected ward committeeman." (Ill. Rev. Stat. 1983, ch. 46, par. 7—8(b).) Pursuant to this

provision and pursuant to the filing requirements of section 7—10 of the Election Code (Ill. Rev. Stat. 1983, ch. 46, par. 7—10), McCullough filed on January 10, 1986, a sworn statement of candidacy stating that he resided at 6203 South Wood Street in Chicago. The hearing examiner and the board determined, based on the testimony we have summarized, that the statement of residency was false. Our review, like that of the circuit court, is limited to a determination of whether this finding was contrary to the manifest weight of the evidence. (*Benjamin v. Board of Election Commissioners* (1984), 122 Ill. App. 3d 693, 462 N.E.2d 626.) Furthermore the findings of an administrative agency, which are deemed to be *prima facie* correct, will be upheld if there is some competent evidence in the record to support them. *Greene v. Board of Election Commissioners* (1983), 112 Ill. App. 3d 862, 445 N.E.2d 1337.

■ In this cause, the board had before it evidence that on January 2, 1986, McCullough had falsely sworn that he was currently living at the Wood Street address when in fact he admitted that he did not plan to move there until during or after the election. The board also had before it evidence that on February 5, 1986, McCullough continued to maintain a mailing address at his old address outside the 15th ward and could not be found at his claimed Wood Street address. The board could also properly consider McCullough's failure to rebut any of this testimony as creating an inference that he could not do so. *Shumak v. Shumak* (1975), 30 Ill. App. 3d 188, 332 N.E.2d 177.

Based on all of these factors, we find that the board's determination that McCullough falsely stated his place of residence in his statement of candidacy was not contrary to the manifest weight of the evidence. Accordingly, the board properly ordered that McCullough's name not be printed on the ballot.

The judgment of the trial court is affirmed.

Affirmed.

SULLIVAN, P.J., and MURRAY, J., concur.