No. 3-02-0759

_________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

A.D., 2003

PEOPLE OF THE STATE OF ILLINOIS,

Plaintiff-Appellee,

v.

ADAM ROSENBERG,

Defendant-Appellant

)

)

)

)

)

)

)

)

)

)

Appeal from the Circuit Court

of the 13th Judicial Circuit LaSalle County, Illinois

No. 00-CF-172

Honorable

H. Chris Ryan, Jr.

Judge, Presiding

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

Defendant, Adam Rosenberg, was charged with controlled substance trafficking.  His motion to suppress evidence was denied, and he was found guilty.  We vacate the trial judge's order on the motion to suppress, remand for a new hearing on the motion and retain jurisdiction to determine the remaining substantive issues should the State prevail at the new hearing.

Rosenberg paid David Belmonte $9,000 to drive from San Diego, California to Boston, Massachusetts with twenty-eight cases of ketamine, a controlled substance, in the trunk of a car that Rosenberg rented.

While traveling through Illinois with the ketamine, Belmonte was stopped in LaSalle County for following another vehicle too closely.  After giving Belmonte a warning, the state troopers who stopped him requested permission to search the vehicle.  Belmonte consented.  However, he told the troopers that he did not have a key to the trunk and the automatic trunk release did not work.

In order to gain access to the trunk, the troopers removed the back seat of the vehicle.  They found a box in the trunk, slit it open and removed a vial of ketamine.  The troopers then placed Belmonte under arrest, and Belmonte then offered them a key to the trunk, where they discovered the rest of the ketamine.

After several weeks in custody, Belmonte began to cooperate with authorities and revealed Rosenberg's part in the crime.  Belmonte was given use immunity to testify against Rosenberg at a grand jury proceeding where Rosenberg was charged with controlled substance trafficking.

Prior to his trial, Rosenberg filed a motion to suppress the evidence against him.  He subpoenaed Belmonte to testify at the hearing on the motion.  The State refused to grant Belmonte immunity for the hearing.  Therefore, Belmonte refused to testify.

At Rosenberg’s trial, the State again granted Belmonte use immunity.  Based in large part on Belmonte’s testimony, Rosenberg was convicted and sentenced to eighteen years of incarceration.

I.

On appeal, Rosenberg argues that 1) he was denied due process because the State refused to grant immunity to Belmonte to testify at the suppression hearing; 2) the court erred by denying his motion to suppress; 3) his conduct could not constitute trafficking within the meaning of the statute; and 4) the penalty provisions for bringing a controlled substance into Illinois with the intent to distribute it in another state are unconstitutionally disproportionate.

Rosenberg argues that he was denied due process because the State granted Belmonte use immunity before the grand jury and at trial, but denied him immunity at the suppression hearing.

Generally, decisions to grant immunity to a witness are left up to the prosecutor.  See 
People v. Foster
, 119 Ill. 2d 69 (2000).  However, several federal courts have held that there are rare exceptions to this rule.  These courts have reasoned that a failure to grant immunity violates due process where the government uses its powers to distort the fact finding process by causing a defense witness to invoke the fifth amendment or by refusing immunity to a witness who would directly contradict the government’s witnesses.  See, e.g., 
U.S. v. Whitehead
, 200 F.3d 634, 640 (2000); 
U.S. v. Duran
, 189 F.3d 1071, 1087 (1999); 
U.S. v. Westerdahl
, 945 F.3d 1083, 1086 (1991).  Though we are not bound to follow these courts, we find their reasoning persuasive.  See 
Benjamin v. Board of Election Commissioners
, 122 Ill. App. 3d 693, 697 (1984) (stating that though we are not bound to follow decisions of federal courts, we give them the weight merited by the persuasiveness of their reasoning).

In certain cases, it is possible for the State to abuse its power to grant immunity in such a way that a defendant will find it difficult, if not impossible, to effectively and meaningfully defend against the State’s case.  See 
Whitehead
, 200 F.3d 634.  We believe that this case is one of the narrow exceptions to the general rule.  Here, the State granted use immunity to Belmonte when his testimony would be necessary to establish the case against Rosenberg, but refused to do so when it may have been helpful to Rosenberg.  By this discriminatory application of its powers, the State caused Belmonte to invoke his fifth amendment right not to testify at the suppression hearing, frustrating Rosenberg's attempt to garner necessary facts.  Belmonte was the only witness who could have helped Rosenberg establish standing to challenge the search.

The State’s actions impermissibly distorted the fact finding process in this case and denied Rosenberg his due process right to fully and meaningfully present his defense.  In order to protect Rosenberg’s right to a fair trial, the State should have granted Belmonte use immunity for the purposes of the hearing on the motion to suppress.

II.

A.

Even so, the State insists that its refusal to grant immunity for the hearing did not harm Rosenberg for two reasons.  First, the State contends that Rosenberg would not have had standing to challenge the search in any case.  The question of a defendant’s standing to challenge a search depends upon whether the accused had a reasonable expectation of privacy in the area searched, and must be determined on a case-by-case adjudication of the accused’s interest in and relation to the property that was the subject of the search and seizure.  
People v. Becktel
, 137 Ill. App. 3d 810, 815 (1985).  Factors to consider in determining whether the accused has a reasonable expectation of privacy include 1) ownership of the property searched; 2) defendant’s presence at the time of the search; 3) defendant’s possessory interest in the property seized; 4) prior use of the property seized or the area searched; 5) ability to exclude others’ use of the property; and, 6) a subjective expectation of privacy in the property.  
People v. Johnson
, 114 Ill. 2d 170, 191-92 (1986).

Had Rosenberg been able to obtain testimony from Belmonte at the hearing, he might have been able to present evidence on several of these factors.  Belmonte may have assisted Rosenberg in establishing Rosenberg’s interest in the property seized, his relationship to the area searched and his efforts to exclude others from the property seized.  Thus, without Belmonte’s testimony, the trial court could not have had sufficient evidence to determine if Rosenberg had standing to challenge the search.  The error was not harmless.

B.

Second, the State argues that Rosenberg had the opportunity to develop relevant testimony from Belmonte at trial and could then have reopened the motion to suppress.  However, we believe this option did not provide Rosenberg sufficient due process protection.

Motions to suppress and criminal trials are two very different fora with very different goals.  Often, evidence needed to establish standing to challenge a search would be damaging to a defendant at trial.  Rosenberg would have chosen to seek significantly different testimony from Belmonte at the hearing than he wished to present at trial.  For instance, Rosenberg was interested in showing his ownership of the ketamine as a factor establishing his standing to challenge its seizure, but he surely would not wish to emphasize that fact at trial.  Requiring Rosenberg to choose between either defending himself on the merits or eliciting damaging testimony that may have assisted him in a renewed motion does not cure the due process violation.

The trial judge's order denying the motion to suppress is vacated, and the case is remanded for a new hearing on the motion.  Because this new hearing may determine the outcome of the case, we decline to consider Rosenberg's other claims at this time.  However, we retain jurisdiction to determine these claims should the State prevail at the new hearing on the motion to suppress.

The order of the circuit court of LaSalle County is vacated, and the case is remanded for further proceedings.

Order vacated and remanded.

McDADE, P.J., and HOLDRIDGE, J., concur.