THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. ADAM
ROSENBERG, Defendant-Appellant.

Third District   No. 3—02—0759

Opinion filed March 7, 2005.

Patrick A. Tuite (argued) and David S. Wayne, both of Arnstein & Lehr, of
Chicago, for appellant.

Joseph Hettel, State's Attorney, of Ottawa (Lawrence M. Bauer and
Richard T. Leonard (argued), both of State's Attorneys Appellate Prosecutor's
Office, of counsel), for the People.

JUSTICE LYTTON delivered the opinion of the court:

Defendant Adam Rosenberg was convicted of controlled substance
trafficking (720 ILCS 570/401.1 (West 2000)) and sentenced to 18
years in prison. On appeal, we addressed two of the issues raised by

defendant and remanded for a new hearing. *People v. Rosenberg*, 341 Ill. App. 3d 893, 793 N.E.2d 939 (2003). The State's petition for leave to the supreme court was granted. The court reversed our decision and remanded the cause to us to consider two issues presented by defendant which we did not reach in our previous decision. *People v. Rosenberg*, 213 Ill. 2d 69, 820 N.E.2d 440 (2004). In the remaining issues, defendant contended that (1) his conduct did not constitute trafficking within the meaning of the statute (720 ILCS 570/401.1(a) (West 2000)) and (2) the penalty provision for controlled substance trafficking is unconstitutional. We affirm.

The facts need not be fully repeated here since they are detailed in both the decision of the supreme court and the prior opinion of this court. *Rosenberg*, 213 Ill. 2d 69, 820 N.E.2d 440; *Rosenberg*, 341 Ill. App. 3d 893, 793 N.E.2d 939. In short, defendant, a resident of Massachusetts, was charged based upon a traffic stop of his accomplice and a subsequent search of the car the accomplice was driving. The search revealed 5,000 vials of ketamine in the trunk of the car. At trial, the accomplice testified that he was transporting the vials cross-country to Boston and that the controlled substance belonged to defendant.

## ANALYSIS

■ Defendant argues that his conduct did not constitute trafficking within the meaning of the Illinois Controlled Substances Act (Act) (720 ILCS 570/401.1(a) (West 2000)) because he was merely passing through Illinois and did not intend to deliver the controlled substance within this state.

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *People v. Whitney*, 188 Ill. 2d 91, 720 N.E.2d 225 (1999). When statutory language is clear and unambiguous, its plain meaning will be given effect. *Whitney*, 188 Ill. 2d 91, 720 N.E.2d 225. We review issues of statutory construction *de novo*. *People v. Robinson*, 172 Ill. 2d 452, 667 N.E.2d 1305 (1996).

To sustain a charge of controlled substance trafficking, the State must prove that the defendant, with knowledge, brought into this state a controlled substance for the purpose of delivery or with the intent to deliver. 720 ILCS 570/401.1(a) (West 2000); *People v. Ortiz*, 196 Ill. 2d 236, 752 N.E.2d 410 (2001). Section 401.1(a) of the Act does not require proof of an intent to deliver or manufacture. *People v. Frieberg*, 147 Ill. 2d 326, 589 N.E.2d 508 (1992). The terms "for the purpose of delivery" and "with the intent to deliver" are distinct and separate elements of controlled substance trafficking. *Frieberg*, 147 Ill. 2d 326, 589 N.E.2d 508.

The language of the statute is unambiguous. Section 401.1(a) defines trafficking as knowingly bringing or causing to be brought into this state a controlled substance for delivery. That plain language indicates that the legislature intended to punish any person who causes a controlled substance to be brought into Illinois for delivery anywhere, in this state or any other state. Further, the legislative intent of the Act was to penalize most heavily the traffickers of controlled substances who propagate substance abuse with reckless disregard for its consequences on every element of society and to coordinate national efforts to control the abuse of such substances. 720 ILCS 570/100 (West 2000). The statutory language of section 401.1(a) and the stated purpose of the Act make it clear that the legislature intended not only to punish those who deliver drugs into this state, but also to punish the traffickers who travel through the state. Therefore, a person is guilty of controlled substance trafficking as soon as he enters Illinois from another state and he knowingly brings or causes to be brought into this state a controlled substance for the purpose of delivery. His final destination is irrelevant.

Defendant cites several interstate commerce cases in support of his argument that delivery of the controlled substance must be within Illinois. *Western Oil Refining Co. v. Lipscomb*, 244 U.S. 346, 61 L. Ed. 1181, 37 S. Ct. 623 (1917); *General Oil Co. v. Crain*, 209 U.S. 211, 52 L. Ed. 754, 28 S. Ct. 475 (1908); *Union Electric Co. v. Department of Revenue*, 136 Ill. 2d 385, 556 N.E.2d 236 (1990). In those cases, the courts held that states could not tax goods traveling through the state. Defendant argues that since this state could not tax the ketamine, it cannot contend that defendant is guilty of trafficking ketamine. Unlike the goods in the above-cited cases, however, the ketamine seized here was contraband—a substance specifically prohibited by state law. Cases discussing the delivery of legitimate goods in interstate commerce do not apply. Further, defendant has not developed a federal commerce clause challenge to the application of this state's trafficking statute. In this case, defendant caused 5,000 vials of a controlled substance to be brought into Illinois. His conduct was prohibited by the statute.

■ Next, defendant claims that the proportionate penalties clause of the Illinois Constitution was violated because his trafficking offense was punished more harshly than similar offenses that pose a greater threat to the citizens of Illinois. Specifically, defendant argues that controlled substance trafficking is a less serious offense than possession with the intent to deliver a controlled substance and should not be penalized more harshly.

The penalty for the offense of controlled substance trafficking is a

term of imprisonment not less than twice the minimum and not more than twice the maximum term of imprisonment authorized by section 401 of the Act. 720 ILCS 570/401.1(b) (West 2000). Section 401(a)(10.5) provides a sentence of 6 to 30 years for possession with intent to distribute 30 grams or more of ketamine. 720 ILCS 570/401(a)(10.5) (West 2000).

The proportionate penalties clause of the Illinois Constitution provides that "[a]ll penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. The proportionate penalties clause is violated when similar offenses are compared and conduct that creates a less serious threat to the public health and safety is punished more harshly. *People v. Lombardi*, 184 Ill. 2d 462, 705 N.E.2d 91 (1998). In applying this test, it is inappropriate to compare offenses and their statutory penalties unless they have a common statutory purpose. *People v. Hickman*, 163 Ill. 2d 250, 644 N.E.2d 1147 (1994). When the offenses are not related, we presume that the legislature considered different factors in establishing the penalties and defer to its judgment. *Lombardi*, 184 Ill. 2d 462, 705 N.E.2d 91.

In *People v. Sesmas*, 227 Ill. App. 3d 1040, 591 N.E.2d 918 (1992), we found that the statute was reasonably designed to remedy the evil posed by interstate drug traffickers. We concluded that it was reasonable for the legislature to determine that interstate drug traffickers should be penalized more severely than intrastate traffickers. *Sesmas*, 227 Ill. App. 3d 1040, 591 N.E.2d at 925.

Here, the possession with intent to deliver statute and the controlled substance trafficking statute do not share a common purpose. The legislature has determined that large-scale interstate drug traffickers pose a unique threat to the peace, health, and welfare of the citizens of Illinois. The legislature has also reasonably determined that illicit drug traffickers should be punished more severely than intrastate distributors. See 720 ILCS 570/100 (West 2000). Since the statutes serve different purposes, we must defer to the legislature. We agree with *Sesmas* that the penalty for controlled substance trafficking does not violate the proportionate penalties clause of the Illinois Constitution.

## CONCLUSION

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HOLDRIDGE and McDADE, JJ., concur.